IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LARRY KIRKBRIDE,<br><br>    Plaintiff,<br><br>v.<br><br>TEREX USA, LLC, TEREX CORPORATION, and DOES 1 THROUGH 5,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE THE SUPPLEMENTAL EXPERT REPORT OF JAMES F. BOWMAN<br>(ECF No. 64)<br><br>Case No.  2:10–cv–660–TC–EJF<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Evelyn J. Furse |

The Court GRANTS Mr. Kirkbride's Motion to Strike (ECF No. 64) because the supplemental report is untimely, lacks substantial justification, and harms Mr. Kirkbride.  Terex USA, LLC (Terex) provided Mr. Kirkbride with Mr. Bowman's supplemental report on May 7, 2013, four months after Mr. Bowman provided his expert report, and three months after counter-reports were due.  The report expands the original opinion providing four additional areas of opinions.  (ECF No. 72 at 4.)  Under Federal Rule of Civil Procedure 37(c)(1), Terex may only rely on the report if substantial justification exists for the delay in service of the report or the delay is harmless.  Given Mr. Bowman knew of all of the bases for the new opinions at the time of his original report, no substantial justification exists for the delay, and indeed, Terex has not offered a justification.

Neither is the delay harmless.  In making the inquiry into whether the delay was harmless the Court must consider the following four factors:  "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's

bad faith or willfulness." *Woodworker's Supply, Inc. v. Prinicipal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). Had Mr. Bowman included his supplemental opinions in his original report Mr. Kirkbride would have had the opportunity to provide a rebuttal report and would have had the opportunity to investigate those opinions prior to Mr. Bowman's deposition. While Mr. Kirkbride could re-depose Mr. Bowman prior to trial, that deposition would not eliminate the harm. Re-deposition would detract from time needed to prepare for trial and would not ameliorate the harm of not having the opportunity to provide a rebuttal report. Further, providing for an additional round of reports and depositions would prove costly to Mr. Kirkbride. That Terex advised Mr. Kirkbride of the topics for new opinions one week prior to Mr. Bowman's deposition did not alleviate these harms. The Court cannot cure the prejudice from the late disclosure. The late disclosure would certainly disrupt trial preparation but may not necessarily disrupt trial. Mr. Bowman's late disclosure is willful, given that Mr. Bowman offers no reason for not submitting these opinions with his initial report.

On these factors, the Court finds the delay harmful and grants the Motion to Strike.

DATED this 10th day of September, 2013.

BY THE COURT:

Evelyn J. Furse
United States Magistrate Judge