| | |
|---|---|
| LARRY KIRKBRIDE,<br><br>               Plaintiff,<br><br>v.<br><br>TEREX USA, LLC, TEREX<br>CORPORATION, and DOES 1<br>THROUGH 5,<br><br>               Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING TEREX USA, LLC's MOTION IN LIMINE TO LIMIT AND EXCLUDE OPINIONS AND TESTIMONY OF HEALTH CARE PROFESSIONALS (ECF No. 80)**<br><br>Case No. 2:10–cv–660–TC–EJF<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Evelyn J. Furse |

The Court GRANTS Terex USA, LLC's (Terex) Motion in Limine to Limit and Exclude

Opinions and Testimony of Health Care Professionals because Mr. Krikbride's Rule 26(a)(2)(C)

disclosure does not meet the requirements of the rule.

Mr. Kirkbride included the following paragraph in his Rule 26(a)(2) disclosure:

> Plaintiff Larry Kirkbride reserves the right to call certain health care professionals who provided medical, surgical, dental, psychological, psychiatric, nursing and hospital care and treatment to him in connection with his injuries while he was hospitalized or treated by them in clinics or professional offices from the time of his injury on August 2, 2008 [*sic*] up to the present. Medical records identifying said practitioners are in the possession of defendants and their attorneys. To the extent that such professionals are considered to be "experts" under the Federal Rules of Evidence, they are hereby designated and may be called to explain the injuries which they treated, the type of treatment that they provided and give their professional opinions about those injuries, consistent with the records which they created.

(ECF No. 80-2 at 4.) Terex wrote opposing counsel and requested supplementation of this

information pursuant to Federal Rule of Civil Procedure 26(a)(2)(C). (ECF No. 80-3.)

Rule 26(a)(2)(C) requires that parties proffering expert witnesses who do not have to

provide written reports must provide a disclosure stating "(i) the subject matter on which the

witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii)

a summary of the facts and opinions to which the witness is expected to testify."

This statement does not disclose the identity of the proffered expert witnesses. Twenty-

one different health care professionals treated Mr. Kirkbride. Identification of all of them

provides no meaningful disclosure of which witnesses Mr. Kirkbride intends to call as a witness,

particularly knowing he will not call all twenty-one.

Additionally, this statement does not include a summary of the facts and opinions to

which the witness will testify. This Court finds the reasoning and citations in *Carrillo v. B & J*

*Andrews Enterps., LLC*, No. 2:11-CV-01450-RCJ, 2013 WL 394207, at *5 (D. Nev. Jan. 29,

2013), persuasive. With citation to the following cases, the *Carrillo* court agreed that reference

to the medical records alone does not meet the Rule 26 requirements:

> *See Schultz v. Ability Ins. Co.,* 2012 WL 5285777 (N.D. Iowa) (reference to medical records, without more, does not satisfy the disclosure requirement of Rule 26(a)(2)(C)); *Smith v. Barrow Neurological Institute,* 2012 WL 4359057 (D. Ariz.) (referring to medical records associated with a treating physician fails to meet the requirements of Rule 26(a)(2)(C) and is ground to strike experts); *Lopez v. Keeshan,* 2012 WL 2343415 (D. Neb.) (same); *Ballinger v. Casey's General Store, Inc.,* 2012 WL 1099823 (S.D. Ind.) (permitting a party to provide medical records in lieu of a summary "would invite a party to dump a litany of medical records on an opposing party" and is contrary to "summary" requirement of Rule 26(a)(2)(C)); *Davis v. GEO Group,* 2012 WL 882405 (D. Colo.) (medical records insufficient under Rule 26(a)(2)(C), but amended disclosure permitted in light of time remaining before trial); *Brown v. Providence Medical Center,* 2011 WL 4498824 (D. Neb.) (disclosure of medical records insufficient as "court will not place the burden on Defendants to sift through medical records in an attempt to figure out what each expert may testify to."); *Kristensen ex rel. Kristensen v. Spotnitz,* 2011 WL 5320686 (W.D. Va.) ("Plaintiffs cannot comply with [Rule 26(a)(2)(C) ] by disclosing the complete records of treating physicians in issue.").

*Id.* at *5–6. Thus, the Court prohibits the giving of expert opinions by any of the witnesses Mr.

Kirkbride attempted to disclose with this disclosure.

Nothing in this order will prevent these same witnesses from testifying as percipient witnesses.

DATED this 10th day of September, 2013.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge