IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LARRY KIRKBRIDE,<br><br>Plaintiff,<br><br>v.<br><br>TEREX USA, LLC, dba CEDARAPIDS,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO REVIEW TAXATION OF COSTS (ECF No. 261)**<br><br>Case No. 2:10-cv-660-TC-EJF<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff Larry Kirkbride prevailed against Terex USA, LLC ("Terex") after a September 2013 jury trial. (*See* ECF No. 229.) Mr. Kirkbride filed his Bill of Costs and supporting documents on November 14, 2013. (ECF Nos. 231, 232, 233.) Terex filed its objection to Mr. Kirkbride's Bill of Costs on November 29, 2013. (ECF No. 246.) The Clerk of Court taxed costs of $17,975.81 in Mr. Kirkbride's favor. (ECF No. 260.) Terex now asks this Court to review the Clerk of Court's Taxation of Costs. (ECF No. 261.) This Court reviews the Clerk of Court's Taxation of Costs de novo. *Green Const. Co. v. Kan. Power & Light Co.*, 153 F.R.D. 670, 674 (D. Kan. 1994) (citation omitted). For the reasons set forth below, the Court[1] DENIES Terex's Motion and affirms the Clerk of Court's taxation of costs as modified.

## DISCUSSION

Federal Rule of Civil Procedure 54 provides for taxation of costs in favor of prevailing parties. Fed. R. Civ. P. 54(d)(1). Although courts exercise discretion in allowing or disallowing costs, "Rule 54 creates a presumption that the district court will award costs to the prevailing

---

[1] Judge Tena Campbell originally referred this case to the undersigned Magistrate Judge on May 21, 2012, under 28 U.S.C. § 636(b)(1)(A). (ECF No. 30.) After entry of judgment in November 2013, (ECF No. 229), Judge Campbell re-referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(A). (ECF No. 263.)

-1-

party." *Zeran v. Diamond Broad., Inc.*, 203 F.3d 714, 722 (10th Cir. 2000) (quoting *Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 458–59 (10th Cir. 1995)). If the court elects not to award costs, it must state "a valid reason" for that decision. *Id.* (citation omitted).

28 U.S.C. § 1920 lists the categories of costs courts may tax in favor of a prevailing party under Rule 54(d). These include:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. "[A]lthough a court in its discretion need not award section 1920 costs under Rule 54(d), it has no discretion to award items as costs that are not set out in section 1920." *Bee v. Greaves*, 910 F.2d 686, 690 (10th Cir. 1990) (citing *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987)).

Terex argues that Mr. Kirkbride did not "necessarily obtain[]" certain deposition transcript and exemplification costs for use in the case. (ECF No. 246 at 2–5, 8–11.) Terex further asserts that Mr. Kirkbride improperly calculated the witness fees. (*Id.* at 5–8.) The Tenth Circuit provides the following guidance:

> "Necessarily obtained" does not mean that the materials obtained added to the convenience of the parties or made the task of the trial judge easier, and the "most direct evidence of 'necessity' is the actual use of materials obtained by counsel or by the court." However, if materials are reasonably necessary for use in the case although not used at trial, the court is nonetheless empowered to find necessity and award costs."

*Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998) (internal citations omitted). The Court addresses each of Terex's objections in turn.

**Deposition Transcript Costs**

Terex challenges costs of $1,277.49 for deposition transcripts of Joshua Mier, Kelly Kroon, Juan Malmaceda, Rulon Harper, Lawnie Mayhew, and Brandon Dipo. (Mem. Supp. 3, ECF No. 261.) Terex noticed and conducted all six of these depositions and now argues that because none of those six individuals testified at trial the materials do not qualify as "necessarily obtained" under 28 U.S.C. § 1920. (*Id.* at 3–4.) Although none of the six testified at trial, all six appear in Terex's pretrial may call witness list. (*See* Pretrial Order 17, ECF No. 165.)

The Tenth Circuit "ha[s] recognized that it is ordinarily best to judge reasonable necessity under § 1920 in light of the facts known to the parties at the time the expenses were incurred." *Callicrate*, 139 F.3d at 1340 (citation omitted). Mr. Kirkbride argues he needed these transcripts to prepare for cross-examination because "these witnesses' memories of events critical to Defendant's chief affirmative defense (blaming Harper, Plaintiff's employer) were individually inconsistent from one day to the next." (ECF No. 247 at 2–3.) The Clerk of Court found that "[o]btaining copies of the depositions clearly meet the necessity test as applied at the time the copies were obtain[ed]," (ECF No. 260 at 2), and the Court agrees. The Court therefore allows the deposition transcript costs of $1,277.49.

Terex also challenges the cost of Dr. Ziernicki's deposition transcript. (Mem. Supp. 4, ECF No. 261.) Dr. Ziernicki, one of Mr. Kirkbride's expert witnesses, did not testify at trial. (*Id.*) Although Dr. Ziernicki did not testify at trial, the parties used portions of his deposition in their summary judgment briefing. (ECF No. 247 at 3.) The plain language of § 1920 states only that the party needed to necessarily obtain the transcript for use in the case and does not limit taxation of costs to transcripts actually used at trial. *See* 28 U.S.C. § 1920(2); *Callicrate*, 139 F.3d at 1340 (citation omitted). The Court views Mr. Kirkbride's use of the deposition to avoid

summary judgment against him as necessary in pursuing his case through trial. The Court therefore agrees with the Clerk of Court's allowance of this cost.

## Exemplification Costs

Terex also challenges exemplification costs of $7,003.67. (Mem. Supp. 5, [ECF No. 261](ECF No. 261).) Specifically, Terex challenges costs of $1,087.25 for a toggle plate, $297.96 for a ripper tooth, and $5,618.26 for printing and copying. (*Id.* at 5–7.)

Terex notes Mr. Kirkbride did not use the actual toggle plate at trial but merely used photos of the plate. (*Id.* at 6.) As a result, Terex argues, the purchase of the plate constitutes "an extravagance." (*Id.*) Terex also argues photos of the ripper tooth at issue made the purchased ripper tooth redundant. (*Id.*) Mr. Kirkbride argues he needed the toggle plate and ripper tooth as "exemplars of the two most critical tangible objects in this trial." ([ECF No. 247 at 7](ECF No. 247 at 7).) Although Mr. Kirkbride used only photographs of the toggle plate, the Court agrees transporting the 500-pound toggle plate into the courtroom would have proved impractical. Mr. Kirkbride also notes that purchasing a new, non-defective toggle plate constituted his only means to illustrate to the jury the manufacturing defect in the toggle plate at issue. (*Id.* at 7–8.) Both the toggle plate and ripper tooth played central roles in Mr. Kirkbride's case, which arose from injuries he sustained trying to remove a ripper tooth from a jaw crusher; specifically, he contended a replaceable toggle plate in the jaw crusher should have broken to release the ripper tooth. Attorneys for both sides made frequent use of the ripper tooth and toggle plate exhibits. (*Id.*) Given the nature of the claims at issue, the Court agrees with the Clerk of Court's finding that the toggle plate and ripper tooth constituted essential evidence for the trial and allows these costs.

Terex also argues Mr. Kirkbride did not provide sufficient detail and explanation of the costs for printing and copying trial exhibits, including thousands of copied pages. (Mem. Supp.

6–7, ECF No. 261.)  Terex therefore seeks either an eighty percent cost reduction or a recalculation based on a formula Terex proposes.  (*Id.* at 7–8.)  In response, Mr. Kirkbride argues that a prevailing party need not "'give an itemization of every copy or series of copies.'"  (ECF No. 247 at 8 (quoting *Seyler v. Burlington N. Santa Fe Corp.*, No. 99-2342-KHV, 2006 WL 3772312, at *5 (D. Kan. Dec. 20, 2006).)  The district court in *Seyler* found that while the prevailing party must provide enough details to show the copying costs were "reasonably necessary to present the case," requiring "itemization of every copy or series of copies . . . would only further escalate the costs for all parties."  *Seyler*, 2006 WL 3772312, at *5.  Here, the invoices from third-party vendors demonstrate Mr. Kirkbride incurred the costs for trial exhibits and not merely for counsel's convenience.  (ECF No. 233-5 at 1–11.)  The Court agrees with the analysis in *Seyler* and finds Mr. Kirkbride has provided sufficient support for these costs.  The Court therefore allows copying costs of $5,618.26 for total exemplification costs of $7,003.47.[2]

### Witness Fees

Terex also objects to mileage costs beyond 100 miles.  Specifically, Terex challenges the $199.44 cost for Cynthia Kirkbride's travel of 353 miles to attend the trial and the $900.80 cost for expert witness Ben Railsback's airline travel.  (ECF No. 261 at 4.)  28 U.S.C. § 1821 provides that "[a]ll normal travel expenses within and outside the judicial district shall be taxable as costs pursuant to section 1920 of this title."  28 U.S.C. § 1821(c)(4).  The Clerk of Court's

---

[2] The Court's own calculation of these exemplification costs, based on Mr. Kirkbride's receipts, (*see* ECF No. 233-5), shows a total cost of $7,003.47.  Although Mr. Kirkbride's Memorandum of Costs, (ECF No. 232), correctly lists the individual figures for the toggle plate ($1,087.25), ripper tooth ($297.96), and copying costs ($5,618.26), the total cost allowed in the Taxation of Costs (ECF No. 260) includes an apparently unintentional extra twenty cents.  The Court therefore reduces the amount of exemplification costs by twenty cents to $7,003.47.

Taxation of Costs notes the absence of a 100-mile limit in 28 U.S.C. § 1821.[3] (ECF No. 260 at 3.) The Clerk of Court also noted that while the $900.80 cost of Mr. Railsback's round trip airline ticket between Denver and Salt Lake City seemed high, the fact "[t]he ticket was purchased less than a week before the travel took place . . . explains the high rate." (*Id.* n.1) Moreover, Mr. Railsback traveled by economy class, and the cost thus conforms with § 1821's requirement that witnesses travel "at the most economical rate reasonably available." 28 U.S.C. § 1821(c)(1). The Court therefore denies Terex's objection and allows those costs.

## CONCLUSION

For the reasons set forth above, the Court DENIES Terex's Motion to Review Taxation of Costs (ECF No. 261). The Court allows total costs of $17,975.61 ($17,975.81 allowed by the Clerk of Court less the twenty cents inadvertently added to Plaintiff's exemplification costs).

DATED this 29th day of May, 2014.

BY THE COURT:

*(signature)*
Evelyn J. Furse
United States Magistrate Judge

---

[3] The cases Terex cites discuss Federal Rule of Civil Procedure 45(e)'s 100-mile subpoena limit. (Mem. Supp. 4–5, ECF No. 261.) Terex merely argues the Court has discretion to deny costs based on Rule 45(e) but does not explain why Rule 45(e)'s 100-mile limit should apply to these facts. *See Fleet Inv. Co., Inc. v. Rogers*, 620 F.2d 792, 794 (10th Cir. 1980) (noting "[a] district court has discretion to approve travel costs in excess of 100 miles from the place at which the trial is held"); *Underwood v. Geo Grp., Inc.*, No. 10-CV-00306-LTB-KLM, 2012 WL 2065530, at *2 (D. Colo. June 8, 2012) (recognizing district court's discretion to award travel costs in excess of 100 miles). A Tenth Circuit case not cited by Terex recognizes *Fleet*'s rejection of the 100-mile limit argument. *See Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1475 (10th Cir. 1997).